**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

CASE NO.:

CAROLYN MAYE,

    Plaintiff,

v.

NAVIENT SOLUTIONS, LLC,

    Defendant.

_____/

**COMPLAINT
JURY DEMAND**

Plaintiff, Carolyn Maye (hereinafter "Plaintiff"), alleges violations of the Telephone Consumer Protection Act, 47 U.S.C § 227, *et seq.* (hereinafter "TCPA") and the Florida Consumer Collection Practices Act, Florida Statutes § 559.55, *et seq.* (hereinafter "FCCPA") against Defendant, Navient Solutions, LLC, (hereinafter "Navient") and states the following in support thereof:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction under 28 U.S.C. § 1331. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

2. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls and attempted to collect a consumer debt in this District.

**PARTIES**

3. Plaintiff is a natural person, and citizen of the State of Florida, residing in Hernando County, Florida.

4. Plaintiff is the regular user of the cellular telephone number at issue, (727) *** -2194, and was the recipient of Defendant's hereinafter described calls. See *Soppet v. Enhanced Recovery Co., LLC*, 670 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012); see also *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014) (holding that the recipient of calls is the "called party").

5. Plaintiff is a "consumer" as defined by Florida Statute § 559.55(8).

6. The debt that is the subject matter of this action is a "consumer debt" as defined by Florida Statute § 559.55(6).

7. Defendant is a Delaware limited liability company with its principle place of business located at 2001 Edmund Halley Dr., Reston, VA 20191-3436.

8. Defendant's registered agent for service of process in the State of Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

9. Defendant is a "person" as provided for in the FCCPA. *See Williams v. Streeps Music Co.,* 333 So. 2d 65, 67 (Fla. Dist. Ct. App. 1976).

## FACTUAL ALLEGATIONS SPECIFIC TO PLAINTIFF

10. At all times relevant to this action, Defendant attempted to collect a debt arising from transactions primarily incurred for personal, family or household purposes from Plaintiff.

11. Specifically, Defendant attempted to collect a consumer debt from Plaintiff concerning a student loan(s).

12. Beginning in or about late 2014, Plaintiff received between one (1) to six (6) calls per day to her cellular telephone from Defendant in an effort to collect the consumer debt at issue.

2

13. At all times relevant to this action, Defendant intentionally harassed and abused Plaintiff by calling her cellular telephone several times per day and on back-to-back days.

14. Defendant's telephone calls to Plaintiff where done with such frequency as can reasonably be expected to harass, in an effort to collect a consumer debt.

15. Upon answering many of these telephone calls, Plaintiff was greeted either by an automated machine-operated voice message or a noticeable period of "dead air" while the caller's telephone system attempted to connect to a live telephone employee.

16. Defendant's method of contacting Plaintiff is indicative of its ability to dial numbers without any human intervention, which the FCC has opined is the hallmark of an automatic telephone dialing system. *See In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 F.C.C.R. 14014, 14091-92 (2003)*.

17. At times better known to Defendant, Plaintiff informed the representatives of Defendant that they were calling her cellular telephone and demanded that Defendant cease placing calls to her cellular telephone number.

18. During the aforementioned communications, Plaintiff unequivocally revoked any express consent Defendant may have had for the placement of telephone calls to Plaintiff's cellular telephone number by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

19. Each and every call subsequent to the first revocation that Defendant made to the Plaintiff's cellular telephone number was done so without the express consent of the Plaintiff.

20. Each and every call subsequent to the first revocation that Defendant made to the Plaintiff's cellular telephone number was knowing and willful.

21. Despite actual knowledge of their wrongdoing, Defendant continued the campaign of abuse, calling the Plaintiff despite Plaintiff having revoked any express consent Defendant may have had to call her cellular telephone number.

22. Plaintiff's damages were caused by and directly related to Defendant's attempts to collect a debt by using an automatic telephone dialing system or predictive dialer to call Plaintiff's cellular telephone.

23. From each and every call placed without express consent by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon her right of seclusion.

24. From each and every call without express consent placed by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of the occupation of her cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from Defendant's call.

25. From each and every call placed without express consent by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of her time.

26. Specifically, Plaintiff had to waste her time dealing with missed call notifications and call logs that reflect the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

27. Each and every call placed without express consent by Defendant to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to the Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. For

unanswered calls, Plaintiff had to deal with missed call notifications and call logs that reflected the unwanted calls.

28. Each and every call placed without express consent by Defendant to Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

29. Each and every call placed without express consent by Defendant to Plaintiff's cell phone resulted in the injury of a trespass to Plaintiff's chattel, namely her cellular phone and her cellular phone services.

30. As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affect in a personal and individualized way by stress, anxiety, nervousness, embarrassment, distress and aggravation.

31. Defendant's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to Defendant they do not wish to be called.

32. Defendant's corporate policy provided no means for Plaintiff to have Plaintiff's number removed from Defendant's call list.

33. Defendant has numerous complaints against it across the country asserting that its automatic telephone dialing system continues to call despite being requested to stop.

34. Defendant has stipulated in other federal lawsuits to the use of an automatic telephone dialing system.

35. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(a).

36. By calling Plaintiff's cellular telephone for non-emergency purposes with an automatic telephone dialing system after Plaintiff revoked consent, Defendant willfully or knowingly violated the TCPA.

## COUNT I
### Violation of the Florida Consumer Collection Practices Act

37. Plaintiff incorporates paragraphs 1 through 36 as if fully set forth herein.

38. At all times relevant to this action, Defendant is subject to and must abide by the law of Florida, including § 559.72, Florida Statutes.

39. Defendant engaged in an act or omission prohibited under § 559.72(7), Florida Statutes, by willfully engaging in conduct, which can reasonably be expected to harass or abuse the Plaintiff.

40. Specifically, Defendant placed telephone calls to Plaintiff several times a day and on back-to-back days in an effort to collect a consumer debt after Plaintiff asked not to be called.

41. Because of Defendant's aforementioned willful conduct, Plaintiff felt harassed or abused.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for statutory damages, actual damages, attorney's fees, litigation expenses and costs of suit, and such further relief as the Court deems proper.

## COUNT II
### Violation of the Telephone Consumer Protection Act

42. Plaintiff incorporates Paragraphs 1 through 36 as if fully set forth herein.

43. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's express consent in violation of the TCPA.

44. Defendant knowingly or willfully violated the TCPA, by repeatedly placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice after Plaintiff notified Defendant that she did not wish to receive any telephone communications from Defendant.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for $500.00 dollars in statutory damages for each violation of the TCPA over the last four years, $1,500.00 dollars in statutory damages for each knowing or willful violation of the TCPA over the last four years, a declaration that Defendant's calls violate the TCPA, a permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of Plaintiff using an automatic telephone dialing system or pre-recorded or artificial voice, litigation expenses and costs of the instant lawsuit, and such further relief as this Court may deem proper.

## JURY DEMAND AND RESERVATION OF PUNITIVE DAMAGES

Plaintiff demands trial by jury. Further, Plaintiff reserves the right to amend her Complaint to add a request for punitive damages under the FCCPA.

Respectfully submitted,

By: /s/ *Christopher Legg*
Christopher Legg, Esq.
Florida Bar No. 44460

CHRISTOPHER W. LEGG, P.A.
499 E. Palmetto Park Rd., Ste. 228
Boca Raton, FL 33432

7

Office: 954-962-2333
Chris@theconsumerlawyers.com

By: */s/ Kevin Rajabalee*
Kevin Rajabalee, Esq.
Florida Bar No. 119948

KR LEGAL, P.A.
1580 Sawgrass Corporate Pkwy, Ste. 130
Sunrise, FL 33323
Telephone: 954-667-3096
kevin@krlegal.net

*Attorneys for Plaintiff*